WR-82429-01

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| | ) Civil No. |
| **MARK ANTHONY SOLIZ** | ) |
| **TDCJ# 999571** | ) (CAPITAL CASE) |
| Petitioner | ) |
| v. | ) |
| | ) |
| **WILLIAM STEPHENS, Director** | ) |
| **Texas Department of Criminal Justice** | ) |
| **Correctional Institutional Division,** | ) |
| Respondent | ) |
| | ) |

## MOTION FOR APPOINTMENT OF FEDERAL COUNSEL

Undersigned counsel, Brad D. Levenson, Director of the Texas Office of Capital Writs ("OCW"), respectfully moves this Court to appoint federal counsel to represent Mr. Mark Anthony Soliz in his federal habeas corpus proceedings. This Motion is made within the fifteen (15) day time period required by Texas Code of Criminal Procedure 11.071, section 2(e) ("If the court of criminal appeals denies an applicant relief under this article, an attorney . . . shall, not later than the 15th day after the date the court of criminal appeals denies relief . . . move for the appointment of counsel in federal habeas review under 18 U.S.C. Section 3599."). Because the undersigned is not permitted to "represent a defendant in a federal habeas review" (*see* Tex. Govt. Code, § 78.054(b)), new counsel must now be appointed.

1

Mr. Soliz was sentenced to death in the 413th District Court of Johnson County, Texas on March 23, 2012. On June 18, 2014, the Texas Court of Criminal Appeals ("CCA") affirmed Mr. Soliz's sentence on direct appeal. *Soliz v. State*, 432 S.W.3d 895 (Tex. Crim. App. 2014). On December 17, 2014, the CCA denied relief in state habeas corpus proceedings. *Ex parte Soliz*, No. WR-82,429-01 (Tex. Crim. App. 2014) (unpublished).

Pursuant to Texas Code of Criminal Procedure Article 11.071, undersigned counsel and the OCW have represented Mr. Soliz. Mr. Soliz was then and is now without the means to retain counsel. Mr. Soliz is an indigent person, lacking the funds necessary to retain counsel and must be appointed counsel "throughout . . . all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures. . . [and] in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant." 18 U.S.C. § 3599(e); *see also Harbison v. Bell*, 556 U.S. 180 (2009).

Mr. Soliz is entitled to the appointment of counsel under 18 U.S.C. § 3599(a). He has never had his constitutional claims for relief addressed by a federal court. He is entitled to the assistance of counsel in order to present those claims. *See McFarland v. Scott*, 512 U.S. 849, 857-58 (1998).

2

Accordingly, the undersigned respectfully requests that this Court appoint federal counsel for Mr. Soliz, pursuant to 18 U.S.C. § 3599.

Respectfully submitted,

DATED:     December 30, 2014          By

BRAD D. LEVENSON
Texas Bar No. 24073411
Office of Capital Writs
1700 N. Congress Ave., Suite 460
Austin, Texas  78701
512-463-8502 – direct line
512-463-8590 – facsimile

## CERTIFICATE OF SERVICE

On December 30, 2014, a copy of the foregoing Motion was served on the Office of the Attorney General by United States mail at the following address:

Office of the Attorney General of Texas
Criminal Appeals Division
Post Office Box 12548
Austin, Texas 78711-2548

Brad D. Levenson

## CERTIFICATE OF CONFERENCE

No conference has been held because opposing counsel has not made an appearance in these proceedings.

Brad D. Levenson